U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2019

**BY ECF**

Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *James Felton*, S12 17 Cr. 21 (WHP)

Dear Judge Pauley:

    The Government respectfully requests that the Court direct defense counsel in this case to return, destroy, or delete material that the Government provided in anticipation of trial pursuant to 18 U.S.C. § 3500 ("3500 Material"), subject to the requirement that the Government will re-provide this material two weeks before the trial date, currently rescheduled for June 11, 2019.

    The Government turned over documentary 3500 Material on February 25, 2019, in anticipation of trial going forward on March 11, 2019.  The purposes of providing the 3500 Material on February 25 was to facilitate defense counsel's ability to review the material prior to trial and to ensure an efficient trial.  On March 14, 2019, following the adjournment of the trial until June 11, 2019, the Government requested that defense counsel voluntarily return, destroy or delete the 3500 Material already produced as of that date.  The Government advised that it would make the 3500 Material available again at the appropriate time in advance of the rescheduled trial date.  Defense counsel refused.

    The Government respectfully submits that defense counsel should not be in continuous possession of 3500 Material approximately three months in advance of the trial date.  Three months far exceeds any reasonable estimation of the time that defense counsel needs in order to review the material in preparation for trial.  While the Government intends to re-produce, and has already demonstrated its willingness to produce, 3500 Material reasonably in advance of trial to ensure that defense counsel has sufficient time to prepare and to avoid delays during the trial, defense counsel's possession of such materials for three months is unnecessary.  In addition, defense counsel's possession of the 3500 Material for three and a half months creates a risk that the defense will be tailored far in advance of trial to the specific contours of testimony from Government witnesses, which is inconsistent with the statutory and common law purposes of providing 3500

Material to defense counsel.[1]  In addition, the defense will not be prejudiced by the return or destruction of the 3500 Material, as they will still receive it two weeks prior to the commencement of trial – the same schedule that was previously in place in this case.  The adjournment of the trial date should not serve as a backdoor mechanism for the defense to receive 3500 Material three months prior to trial, instead of the two weeks that the Court initially ordered.

For these reasons, the Government respectfully requests that the Court direct defense counsel to return or destroy the 3500 Material for cooperating witnesses that has been provided, with the requirement that the Government re-produce such material two weeks prior to the commencement of trial.[2]

    Very truly yours,

    GEOFFREY S. BERMAN
    United States Attorney

by:    /s/
    Anden Chow
    Frank J. Balsamello
    Matthew Hellman
    Assistant United States Attorneys
    (212) 637-2348

---

[1] As the Court is well aware, Section 3500 itself contemplates the production of 3500 Material *after* a witness testifies, so defense counsel can effectively cross-examine the witness.  The production of 3500 Material is not intended to provide defense counsel with a bill of particulars-like roadmap to the Government's case months in advance of any witness taking the stand.

[2] In refusing to return or destroy the 3500 Material, defense counsel has claimed that they have spent significant expenses photocopying and organizing the 3500 Material for themselves.  For that reason, the Government provided the option of simply returning the 3500 Material to the Government.  The Government would hold the materials securely (or, if defense counsel would prefer, permit the materials to be housed at a mutually agreed upon secure facility).  Thus, there would be no need for defense counsel to reincur such expenses.